## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| MARGARITA VILLAGRAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-2685 |
| | § | |
| CENTRAL FORD, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This is one of a series of cases filed by the same lawyer against similar defendants asserting virtually identical claims. In this case, as well as in *Margarita Villagran v. Freeway Ford LTD*, Civil Action No. 05-2687 (assigned to Judge Hoyt), *Charles Hoge v. Parkway Chevrolet, Inc.,* Civil Action No. 05-2686 (assigned to Judge Werlein), and *Hoffer v. Landmark Chevrolet, Ltd.*, 05-2801 (assigned to Judge Ellison), the plaintiff sues on behalf of a putative class and asserts violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. The allegations arise out of a mailing that the defendants allegedly sent to the named plaintiff, purporting to offer credit based on information obtained from the plaintiff's credit report. The plaintiffs allege that such a mailing violates two FCRA provisions, one requiring clear and conspicuous disclosures and one prohibiting a credit company from obtaining or using a consumer's credit report without the consumer's consent except for certain permissible purposes, including making a "firm offer of credit" to the consumer. The plaintiff has moved for class certification in each of the three suits.

In this case, Villagran alleged that she received such a mailing from Central Ford, Inc. That defendant in turn filed a third-party claim against Automotive Consulting Company, alleging that ACC created, generated, and  produced the mailed forms and obtained the information that allegedly violated the Fair Credit Reporting Act.  Central Ford sought indemnity and contribution from ACC.  (Docket Entry No. 5).

Villagran has moved for leave to file an amended complaint, (Docket Entry No. 23), and to certify the class action, (Docket Entry No. 24).  The defendants, Central Ford and Automotive Consulting Company, have filed responses, (Docket Entry No. 25 and 27); Villegran has filed a reply to the responses, (Docket Entry No. 29), to which defendants have objected, (Docket Entry Nos. 30, 32).  Villagran has also filed a motion to compel document production against third-party defendant Automotive Consulting, to which this defendant has replied, (Docket Entry Nos. 33, 34).

This court grants in part and denies in part the motion for leave to amend and grants the motion to compel.  The motion for class certification is set for hearing on **December 15, 2006, at 10:00 a.m.** in Courtroom 11-B.   The reasons are set out below.

## I.      Background

In her suit, Villagran alleges that she received a mailer from Central Ford that included the following language:

> Can you walk into a new car dealership pre-approved to purchase a new or pre-owned vehicle of your choice?
> Yes, you can[.]  You have already been pre-approved* for a new loan[.]
> Now, I know what you must be thinking.  You are asking

2

yourself if this is really possible?

Yes, it is because My Auto Loan Finance Source is a very different kind of finance company.  We are prepared to handle the initial transaction entirely by phone, in only a few minutes.  In fact, we're light years ahead of your typical finance companies.  I have to point out that we aren't contacting you by accident.  We are very careful to whom we extend an offer of auto financing.  You will not even have to speak with anyone?

You must be wondering why we selected you for this incredible offer?

This offer has been extended to you because you have satisfied the strict criteria for credit worthiness used to identify select consumers for such programs.

What do you mean when you say you do not have to speak to anyone?

You must be wondering how this could work.  Well it is simple.  You activate your pre-approved amount by following three easy steps.

TO ACTIVATE YOUR PRE-APPROVAL LOAN:

Step 1.         From a touch tone phone, CALL TOLE FREE 1-866-205-9489 and enter your 10 DIGIT LOAN APPROVAL CODE (located on the certificate below.)

Step 2.         Your identity will be verified and you will receive up to the amount for which you are PRE-APPROVED*.

Step 3.         SELECT A VEHICLE at your authorized dealer.

This process is convenient, secure, and you DON'T have to speak with a sales representative during this call!!

Can you trade in your current vehicle?

Absolutely.  Appraisers from all over the state will be on hand to MAXIMIZE YOUR TRADE VALUE.  WITH $0 CASH DOWN** your payments may never be lower.  After your

3

purchase of a new or quality pre-owned vehicle, your trade will be PAID OFF REGARDLESS OF WHAT YOU OWE.**

Activate your pr-approval loan now with MY AUTO LOAN FINANCE SOURCE.  Just follow the three easy steps above. This event is valid through this Saturday.  Don't miss this opportunity, call today!

*<u>PRESCREEN & OPT-OUT NOTICE</u>.  This "prescreened" offer of credit is based on information in your credit report indicating that you meet certain criteria.  This offer is not guaranteed if you do not meet our criteria (including providing acceptable property as collateral). If you do not want to receive prescreened offers of credit from this or any other companies, call the consumer reporting agencies toll-free, 1-888-567-8688 or write Equifax Options, P.O. Box 740123 Atlanta, GA 30374, Experian Information Systems, Inc., P.O. Box 919, Allen, TX 75013, Trans Union LLC, P.O. Box 97328, Jackson, MS 39288 or by calling 1-888-5OPTOUT.  Your new vehicle payment cannot exceed 20% of your gross monthly income; vehicle payment totaled with your current monthly payments must not exceed 50% of your gross income.  You must be at least 18 years of age.  Lender assumes no responsibility for incorrect information supplied by various credit reporting agencies.  Any equity deficit in your current vehicle must be paid or refinanced with new Vehicle.  *Credit severity may affect down payment*. Bankruptcies must be discharged.  If in compliance with provisions listed above, you are guaranteed to receive a loan for the purchase of a 2003 or newer vehicle from MDA Capital. **Upon completion of a vehicle purchase.  Vehicles with lien amounts exceeding actual cash value may require a supplemental fee.  Status may vary from time data was compiled.  WAC.  See dealer for details.

Villagran asserts that Central Ford sent approximately 100,000 such mailers to consumers in the Houston area.  She alleges that the mailers used information obtained from the consumers' credit reports, without their consent, to "identify persons who have poor credit or have recently obtained bankruptcy discharges for the purpose of targeting them for

4

subprime credit." (Docket Entry No. 23, p. 2). Villagran alleges that the mailer violates the FCRA's requirement that a person who uses a consumer report without the consumer's consent provide each consumer a "clear and conspicuous statement" as to certain consumer rights. 15 U.S.C. § 1681m(d)(1). Villagran also alleges that the mailer violated the requirement that a consumer's credit report may only be obtained for certain purposes, including a to make "firm offer" of credit, 15 U.S.C. § 1681b. Villagran alleges wilful noncompliance with the statutory requirements and seeks to recover statutory damages for each violation in the amount of $1,000, an injunction, punitive damages, and attorneys' fees. She also alleges that it is appropriate to certify a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure, consisting of those individuals to whom Central Ford sent such mailers in the two years from August 4, 2003 to August 4, 2005, the day she filed suit.

In her motion for class certification, Villagran clarifies that she is seeking certification of a class consisting of all persons to whom Central Ford sent or caused to be sent material "in the form represented by" the mailer she received, during the two-year period.

## I.     The Motion for Leave to Amend

### A.     The Legal Standard

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend pleadings "shall be freely given when justice requires," FED. R. CIV. P. 15(a), and 'evinces a bias in favor of granting leave to amend.'" *Martin's Herend Imports v. Diamond & Gem Trading*, 195 F.3d 765, 770 (5th Cir. 1999) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. Nov. 1981)). Leave to amend "is not automatic." *Matagorda*

*Ventures Inc. v. Travelers Lloyds Inc. Co.*, 203 F.Supp.2d 704, 718 (S.D. Tex. 2000) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). A district court reviewing a motion to amend pleadings under Rule 15(a) may consider factors such as "whether there has been 'undue delay, bad faith or dilatory motive . . . undue prejudice to the opposing party, and futility of amendment.'" *Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998) (quoting *In re Southmark Corp.*, 88 F.3d 311, 314-15 (5th Cir. 1996)).

Denial of leave to amend on the basis of futility is "premised . . . on the court's evaluation of the amendment as insufficient to state a claim . . . ." *Jamieson v. Shaw*, 772 F.2d 1205, 1209 (5th Cir. 1985). A denial on this basis "tends to blur the distinction between analysis of the procedural context under Rule 15(a) and analysis of the sufficiency of the complaint under Rule 12(b)(6)." *Id.* at 1208-9 (citing *Pan-Islamic Trade Corp. v. Exxon*, 632 F.2d 539, 546 (5th Cir. 1980)). Opinions frequently explicitly equate the futility analysis under Rule 15(a) with the legal sufficiency standard of Rule 12(b)(6). *See Glassman v. Computervision Corp.,* 90 F.3d 617, 623 (1st Cir. 1996) ("In reviewing for 'futility,' the district court applies the same standard of legal sufficiency as applies to a Rule 12(b)(6) motion."); *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1434 (3rd Cir. 1997); *General Elec. Capital Corp. v. Lease Resolution Corp.,* 128 F.3d 1074, 1085 (7th Cir. 1997).

A proposed complaint is legally insufficient under Rule 12(b)(6) "only if there is no set of facts that could be proven consistent with the allegations in the complaint that would entitle the plaintiff to relief." *Power Entertainment, Inc. v. National Football League Properties, Inc.*, 151 F.3d 247, 249 (5th Cir. 1998). The court "must accept all well-pleaded

6

facts as true, and . . . view them in the light most favorable to the plaintiff." *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 261 (5th Cir. 1999) (citing *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir.1994)).  Unlike motions for summary judgment, the Rule 12(b)(6) motion "only tests whether the claim has been adequately stated in the complaint." *Doe v. Dallas Indep. School Dist.*, 153 F.3d 211, 220 (5th Cir. 1998).  "Pursuant to Rule 8(a), a complaint will be deemed inadequate only if it fails to (1) provide notice of the circumstances which give rise to the claim, or (2) set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist." *General Star Indem. Co. v. Vesta Fire Ins. Corp.*, 173 F.3d 946, 950 (5th Cir. 1999).

## B.    Analysis

To the extent Villagran seeks to allege that Central Ford violated the FCRA "clear and conspicuous" disclosures requirement, her complaint is futile and leave to amend is denied. Villagran's claim under 15 U.S.C. § 1681m(d) relies on the private right of action provisions contained in 15 U.S.C. §§ 1681n and 1681o.  Congress amended parts of 15 U.S.C. § 1681m on December 4, 2003, as part of the Fair and Accurate Credit Transactions Act ("FACTA"), Pub.L. 108-159.  The courts have held that section 1681m(h)(8),[1] added in 2003, precludes

---

[1]  15 U.S.C. § 1681m(h)(8) provides:
 (h) Duties of users in certain credit transactions

(8) Enforcement
(A) No civil actions
Sections 1681n and 1681o of this title shall not apply to any failure by any person
to comply with this section.
(B) Administrative enforcement
This section shall be enforced exclusively under section 1681s of this title by the

private enforcement of section1681m.  *See Perry v. First Nat. Bank*, 459 F.3d 816 (7th Cir.

2006); *Bruce v. Grieger's Motor Sales, Inc.*, 422 F.Supp.2d 988, 990-93 (N.D. Ind.2006);

*Putkowski v. Irwin Home Equity Corp.*, 423 F.Supp.2d 1053, 1060-62 (N.D. Cal.2006);

*Stavroff v. Gurley Leep Dodge, Inc.*, 413 F.Supp.2d 962, 963-67 (N.D. Ind.2006); *Murray*

*v. Cross Country Bank*, 399 F.Supp.2d 843, 845 (N.D. ll.2005); *Murray v. Household Bank*

*(SB), N.A.*, 386 F.Supp.2d 993, 996-99 (N.D. ll.2005); *Bonner v. Home123 Corp.*, No.

2:05-CV-146 PS, 2006 WL 1518974, at *3-6 (N.D. Ind. May 25, 2006); *Cavin v. Home Loan*

*Center, Inc.*, No. 05 C 4987, 2006 WL 1313191, at *7 (N.D. Ill. May 10, 2006); *Harris v.*

*Fletcher Chrysler Prods., Inc.*, No. 1:05-cv-1140-LJM-VSS, 2006 WL 279030, at *1-3 (S.D.

Ind. Feb.2, 2006); *Killingsworth v. Household Bank (SB)*, N.A., No. 05C5729, 2006 WL

250704, at *3-4 (N.D. Ill. Jan.31, 2006); *Villagran v. Freeway Ford, Ltd.*, No. Civ. A.

H-05-2687, 2006 WL 964731, at *1 (S.D. Tex. Jan.19, 2006); *Tremble v. Town & Country*

*Credit Corp.*, No. 05 C 2625, 2006 WL 163140, at *1-3 (N.D. Ill. Jan.18, 2006); *Hernandez*

*v. Citifinancial Servs.*, Inc., No. 05 C 2263, 2005 WL 3430858, at *2-6 (N.D. Ill. Dec.9,

2005); *McCane v. America's Credit Jewelers, Inc.*, No. Civ.A. 05 C 5089, 2005 WL

3299371, at *1-7 (N.D. Ill. Dec.1, 2005); *Pietras v. Curfin Oldsmobile, Inc.*, No. Civ.A. 05

C 4624, 2005 WL 2897386, at *2-5 (N.D. Ill. Nov.1, 2005).  *But see Barnette v. Brook Road,*

*Inc.*, 429 F.Supp.2d 741 (E.D. Va.2006).

---

Federal agencies and officials identified in that section.

15 U.S.C. § 1681m(h)(8) (emphasis added).

Villagran's motion for leave to amend is granted as to the allegation that the material Villagran received from Central Ford is not a "firm offer of credit" that could make the use of the consumer report permissible under section 1681(b). The motion for leave to amend is denied as to the allegation that the material violated section 1681(m)(d) because it did not contain clear and conspicuous disclosures.

### III.     The Motion to Compel and the Motion for Class Certification

Villagran has filed a motion to compel against third-party defendant ACC. (Docket Entry No. 33). Villagran filed a document production request. ACC objected on the basis that the discovery relates to class certification rather than the merits. This court's scheduling order set a March 2006 deadline for class-certification discovery. ACC also objected on the basis of overbreadth and relevance.

This court denies the motion to compel as to request number 13, which relates to the alleged failure to provide clear and conspicuous disclosures. The parties may argue the other aspects of the motion to compel and response at the hearing set for December 15, 2006.

Villagran seeks to certify a class of individuals who received mailers similar to the one she received from Central Ford because those mailers did not make the "firm offer of credit" necessary when a potential lender accesses someone's credit history without that person's consent. 15 U.S.C. § 1681b(c)(1)(B)(i). Rule 23 of the Federal Rules of Civil Procedure requires a two-step analysis. First, the named plaintiff must demonstrate that her action satisfies the four threshold requirements of Rule 23(a): (1) numerosity (the class must be so large 'that joinder of all members is impracticable'); (2) commonality (there must exist

'questions of law or fact common to the class'); (3) typicality (named parties' claims or defenses 'are typical . . . of the class'); and (4) adequacy of representation (the representative must be able to 'fairly and adequately protect the interests of the class'). The plaintiff must also show that the action qualifies under one of the three subsections of Rule 23(b). Villagran seeks certification under Rule 23(b)(3), which provides that an action may be maintained as a class action if "the court finds that questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

The issue on a certification motion is not whether the plaintiffs will ultimately prevail on the merits of their claims or the strengths and weaknesses of the evidence as to the defenses. Rather, the court must examine the nature of the evidence that will be used to establish the claims and the defenses, to determine whether that evidence can be presented on a classwide basis. FED. R. CIV. P. 23(c)(1) Committee Note (2003). The party seeking certification bears the burden of showing that the Rule 23 requirements are satisfied. Failure to establish any one of the requirements precludes class certification.

At the class certification hearing, the court will consider evidence the parties wish to present and argument on the pending motion and responses.

SIGNED on November 20, 2006, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

10